UNITED STATES DISTRICT COURT
EASTERN DISTICT OF MICHIGAN
SOUTHERN DIVISION

WALTER PERRY,

        Plaintiff,        Civil Action No.: 14-14819
                                 Honorable Gershwin A. Drain
        v.                 Magistrate Judge Elizabeth A. Stafford

CAROLYN W. COLVIN,
Acting Commissioner of
Social Security,

        Defendant.
_____/

**REPORT AND RECOMMENDATION**
**ON CROSS-MOTIONS FOR SUMMARY JUDGMENT [R. 10, 11]**

    Plaintiff Walter Perry appeals a final decision of Defendant Commissioner of Social Security ("Commissioner") denying his application for disability insurance benefits ("DIB") under the Social Security Act (the "Act"). Both parties have filed summary judgment motions, referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). The Court finds that the decision by the administrative law judge ("ALJ") is supported by substantial evidence, and thus **RECOMMENDS** that:

- the Commissioner's motion **[R. 11]** be **GRANTED**;
- Wright's motion **[R. 10]** be **DENIED**; and,

- the Commissioner's decision be **AFFIRMED**, pursuant to sentence four of 42 U.S.C. § 405(g).

I.   BACKGROUND

    A.   Perry's Background and Application History

Perry, who is 49 years old, alleges a disability beginning in August 2006. [R. 7-2, 18; R. 7-5, Tr. 182]. However, a previous application for benefits was denied, so *res judicata* applies through April 27, 2009. [R. 7-2, Tr. 18; R. 7-3, Tr. 124-36]. Perry had been employed as a driver for a catering service and as an order selectant for a grocery store, and was last employed in 2006, the year that he underwent an aortic valve placement for severe AI (aortic insufficiency). [R. 7-6, Tr. 201-02; R. 7-8, Tr. 408-09]. He alleges that his status following that surgery, hypertension, hyperlipidemia and depression are all severe medical conditions that, when combined, render him disabled. [R. 7-6, Tr. 246].

Perry filed his application for DIB in December 2011. [R. 7-5, Tr. 182-85]. After being denied, he requested a hearing, which took place on April 15, 2013, and during which he and a vocational expert (VE) testified. [R. 7-2, Tr. 11, 34-102]. In an August 8, 2013 written decision, the ALJ found Perry to be not disabled. [*Id.*, Tr. 11-19]. The Appeals Council denied review, making the ALJ's decision the final decision of the Commissioner.

[*Id.*, Tr. 1-3].  Perry timely filed for judicial review.  [R. 1].

## B. The ALJ's Application of the Disability Framework Analysis

A "disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

The Commissioner determines whether an applicant is disabled by analyzing five sequential steps.  First, if the applicant is "doing substantial gainful activity," he or she will be found not disabled.  20 C.F.R. § 404.1520(a)(4).  Second, if the claimant has not had a severe impairment or a combination of such impairments[1] for a continuous period of at least 12 months, no disability will be found.  *Id.*  Third, if the claimant's severe impairments meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments, the claimant will be found disabled. *Id.*  If the fourth step is reached, the Commissioner considers its assessment of the claimant's residual functional capacity ("RFC"), and will find the claimant not disabled if he or she can still do past relevant work. *Id.*  At the final step, the Commissioner reviews the claimant's RFC, age,

---

[1] A severe impairment is one that "significantly limits [the claimant's] physical or mental ability to do basic work activities."  §§ 1520(c).

3

education and work experiences, and determines whether the claimant could adjust to other work. *Id.* The claimant bears the burden of proof throughout the first four steps, but the burden shifts to the Commissioner if the fifth step is reached. *Preslar v. Sec'y of Health & Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994).

Applying this framework, the ALJ concluded that Perry was not disabled. At the first step, she found that Perry had not engaged in substantial gainful activity since his application date. [R. 7-2, Tr. 21]. At the second step, she found that Perry had the severe impairments of history of aortic dissection, hypertension, high cholesterol, anemia, degenerative disc disease of the lumbar spine with mild lexoscoliosis, depression with alcohol dependence, and dysthymic disorder. [*Id.,* Tr. 21]. Next, the ALJ concluded that none of Perry's impairments, either alone or in combination, met or medically equaled the severity of the listed impairments. [*Id.*, Tr. 22].

At the fourth step, the ALJ found that Perry had the residual functional capacity (RFC) to perform sedentary work, but:

> [H]e should avoid workplace hazards such as moving machinery, unprotected heights, and climbing of ladders; avoid driving; is able to occasionally crouch, crawl, kneel, stoop/bend but must limit climbing stairs to less than occasionally. Because of his pain, emotional symptoms, and side effects of medication, he is limited to simple, routine, and repetitive work

4

>that requires only occasional contact with the general public and supervisors and allows him the ability to control the pace of the work.

[*Id.*, Tr. 24].

Considering this RFC, the ALJ concluded that Perry could not perform his past relevant work. [*Id.*, Tr. 27]. However, after consideration of his age, education, work experience, RFC and the testimony of the VE, the ALJ found that he could perform jobs in the region, including addresser, systems monitor and assembler. [*Id.*, Tr. 28-29].

## II.   ANALYSIS

Pursuant to § 405(g), this Court's review is limited to determining whether the Commissioner's decision is supported by substantial evidence and was made in conformity with proper legal standards. *Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 722 (6th Cir. 2014). Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (internal quotation marks and citation omitted). Only the evidence in the record below may be considered when determining whether the ALJ's decision is supported by substantial evidence. *Bass v.*

*McMahon*, 499 F.3d 506, 513 (6th Cir. 2007).

The significant deference accorded the Commissioner's decision is conditioned on the ALJ's adherence to governing standards. "Chief among these is the rule that the ALJ must consider all evidence in the record when making a determination, including all objective medical evidence, medical signs, and laboratory findings." *Gentry*, 741 F.3d at 723. *See also Rogers*, 486 F.3d at 249. In other words, substantial evidence cannot be based upon fragments of the evidence, and "must take into account whatever in the record fairly detracts from its weight." *Garner v. Heckler*, 745 F.2d 383, 388 (6th Cir. 1984) (internal quotation marks and citation omitted).

The Commissioner must also adhere to its own procedures, but failure to do so constitutes only harmless error unless the claimant has been prejudiced or deprived of substantial rights. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 654 (6th Cir. 2009). An ALJ's failure to use an "adjudicatory tool" that does not change the outcome of the decision is harmless. *Id.* at 655-56.

Perry argues that the ALJ's decision should be reversed because she failed to obtain an updated medical review of hundreds of new pages of medical records; because she failed to recontact a medical provider; and because the analysis of her RFC assessment was inadequate. These

arguments are without merit.

However, before addressing these arguments individually, the Court emphasizes that Perry has the burden to prove his disability and lack of residual functional capacity. *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 391 (6th Cir. 1999); *Jordan v. Comm'r of Soc. Sec.*, 548 F.3d 417, 423 (6th Cir. 2008). In his statement of facts, Perry cites some medical records, his medication and a disability form by his cardiologist that includes limitations that are consistent with the ALJ's RFC. [R. 10, PgID 570-73]. He concludes that this evidence "as well as the medical documentation in the record" demonstrates that he is incapable of sustained work activity. [*Id.*, PgID at 573]. Later, he refers to 227 pages of new medical reports that require medical review due to the "complicated medical issues involved," and then invites the Court to review six specific pages, only the last of which includes any medical information whatsoever.[2] [*Id.*, PgID 576].

This Court has no obligation to scour the record on Perry's behalf. *Karger v. Comm'r of Soc. Sec.*, 414 Fed. Appx. 739, 754 (6th Cir.2011). Moreover, his lack of analysis of the medical records could be viewed as a waiver of his claims that he lacks the residual functional capacity to work. "It is well-established that issues adverted to in a perfunctory manner,

---

[2] Perry cited R. 7-7, Tr. 283, 295; R. 7-8, Tr. 349, 392; and R. 7-9, Tr. 431, 471. [R. 10, PgID 576].

7

unaccompanied by some effort at developed argument, are deemed waived." *Dillery v. City of Sandusky*, 398 F.3d 562, 569 (6th Cir.2005) (internal quotation marks and citations omitted); *see also Bishop v. Gosiger, Inc.*, 692 F.Supp.2d 762, 774 (E.D.Mich.2010) ("It is not sufficient for a party to mention a possible argument in a most skeletal way, leaving the court to put flesh on its bones." (internal quotation marks and citations omitted)).

The Court furthermore concludes that his arguments are legally unavailing.

### A. Alleged Failure to Secure Updated Medical Opinion

On January 7, 2011, Cynthia Shelby Lane, M.D., performed a consultative examination of Perry. [R. 7-7, Tr. 267-70]. Perry alleges that, since that consultative examination, he added 227 pages of new medical reports and that the ALJ was required to obtain an updated medical opinion to determine whether his impairments were equivalent in severity to a Listing of Impairments. This argument is without merit.

Social Security Ruling (SSR) 96-6p, upon which Perry relies, requires him to demonstrate either that the new medical records suggest that he has an impairment that is equivalent to a listed impairment, or that the ALJ believed that those records may have changed the experts' findings.

*Courter v. Comm'r of Soc. Sec.*, 479 F. App'x 713, 723 (6th Cir. 2012). He did not meet that burden because he did not specify a listed impairment or demonstrate that his impairments equaled one. In fact, in his March 26, 2013 brief to the Social Security Administration, Perry did not claim that he had an impairment that met or equaled a listed impairment; he claimed only that the combination of his impairments supported a finding of disability. [R. 7-6, Tr. 246].

Additionally, the ALJ concluded that Perry's medical records showed him to have very little treatment in 2009, 2010, 2011 and 2013 and nothing that would warrant a finding that he is disabled.[3] [R. 7-2, Tr. 27]. Thus, she "implicitly decided that the records would not change the opinions of the experts." *Couter*, 479 F. App'x at 724.

Thus, remand pursuant to SSR 96-6p is not warranted.

### B. Alleged Failure to Recontact Treating Psychologist

---

[3] Perry has not challenged the statement that he had little treatment during those years, and the record supports the ALJ's conclusion that nothing in the treatment records warrants a finding that he is disabled. When Perry saw treating physician Michael Litman, M.D., in March 2010 for back pain after a car accident, Dr. Litman noted that he had not Perry for many years. [R. 7-7, Tr. 262-65]. He did have chest wall tenderness in May 2012, but treating physician Bobak Rabbai, M.D., noted in June 2012 that, "[b]asically, his chest pain has resolved and he is able to do his basic activities." [R. 7-9, Tr. 445-47]. The majority of Perry's treatment in 2012 pertained to his mental health and, as described below, there is substantial evidence in the record to support the ALJ's mental RFC.

In August 2012, Perry's treating psychologist, Kimberly Wisniewski, Ph.D., provided a mental source opinion that showed him to be mildly limited in some areas, including the ability to accept instructions and respond appropriately to criticism from supervisors, and moderately limited only in his ability to interact with the general public. [R. 7-8, Tr. 345-48]. She then identified Perry as having substantially lost his ability to respond appropriately to supervision, co-workers and usual work situations – a finding that the ALJ found to be inconsistent with the opinion that he was only mildly limited with regard to his interaction with supervisors and with Wisniewski's own treatment notes. [*Id.*; R. 7-2, Tr. 26]. For those reasons, the ALJ gave Dr. Wisniewski's opinion "appropriate, but not great weight." [R. 7-2, Tr. 26]. Perry argues that the ALJ erred by not recontacting Dr. Wisniewski for clarification. The Court disagrees.

Under the current regulations, the ALJ has the discretion to determine whether recontacting the medical source is warranted. 20 C.F.R. § 404.1520b(c)(1) ("We may recontact your treating physician, psychologist, or other medical source."). "Thus, if the record contains sufficient evidence, recontacting sources is unnecessary." *Hollis v. Comm'r of Soc. Sec., No.* 13-13054, 2015 WL 357133, at *24 (E.D. Mich. Jan. 27, 2015).

In this case, the record was sufficient for the ALJ to determine Perry's

mental RFC. The record shows that, in October and November 2011, Perry's treating physicians at Henry Ford Hospital noted him to be significantly depressed showing symptoms of alcoholism. [R. 7-7, Tr. 284-87]. He was referred to a psychiatrist, who described Perry has having a worsening mood over the past year, drinking six to twelve beers almost every day, and having lost interest in living. [*Id.*, Tr. 288-92]. He had not had a drink in a week, and did not want to harm himself because of his children. [*Id.*]. Perry was diagnosed with alcohol dependence and major depression, and was assessed with a Global Assessment of Functioning (GAF) of 55, a GAF of 65 during the previous twelve months, and a good prognosis.[4]

Records from January 2012 until August 2012 document Perry's therapy with Dr. Wisniewski and other Henry Ford Hospital therapists. Those records show that Perry last used alcohol on December 31, 2011, and his mental status examinations were usually unremarkable, including with respect to his mood.[5] [R. 7-9, Tr. 474-505]. Perry was described as

---

[4] GAF scores between 51 and 60 represent moderate symptoms, while scores between 61 and 70 indicate mild symptoms. *Norris v. Comm'r of Soc. Sec.,* No. 11–5424, 461 Fed. Appx. 433, 436 n. 1 (6th Cir.2012); *Karger v. Comm'r of Soc. Sec.*, 414 Fed. Appx. 739, 745 (6th Cir.2011).
[5] During this time period, Perry's mood was described as euthymic (normal, non-depressed) during his therapy sessions except from March through May 2012, when his mood was mildly dysphoric (depressed). [R. 7-9, Tr.

being more positive while abstaining from alcohol, and he told a consultative psychologist that his relationships with his wife and children had improved. [*Id.*, Tr. 476-80; R. 7-8, Tr. 340-43]. His psychiatrist concluded in August 2012 that he was managing his mood problems and staying clean. [R. 7-9, Tr. 471-73]. Of further note, none of the treatment notes indicated that Perry responded poorly to authority figures. These records are sufficient for the ALJ to conclude that Dr. Wisniewski's opinion that Perry has substantially lost his ability to respond appropriately to supervision is inconsistent with the record as a whole.

    Furthermore, the ALJ did show deference to Dr. Wisniewski's opinion by assessing an RFC that limits Perry to only occasional contact with supervisors and allows him the ability to control pace of work. [R. 7-2, Tr. 24]. Perry has presented no evidence that additional limitations were warranted.

### C. Adequacy of physical and mental RFC

    Citing SSR 96-8 and SSR 85-15, Perry complains that the ALJ failed to provide a narrative discussion supporting each finding within her assessment of his RFC. This complaint is without merit. As an initial matter, SSR 85-15 is applicable only where the claimant alleges solely

---

481-48]

nonexertional impairments. *Hicks v. Comm'r of Soc. Sec.,* 105 F. App'x 757, 765 (6th Cir. 2004). Here, Perry claims both nonexertional and exertional impairments, so SSR 85-15 is inapplicable. *Id.*

"SSR 96–8p requires an ALJ to individually assess the exertional (lifting, carrying, standing, walking, sitting, pushing, and pulling), and non-exertional (manipulative, postural, visual, communicative, and mental functions) capacities of the claimant in determining a claimant's RFC." *Delgado v. Comm'r of Soc. Sec.*, 30 F. App'x 542, 547 (6th Cir. 2002). Nonetheless, the ALJ need not provide a function-by-function analysis, and "case law does not require the ALJ to discuss those capacities for which no limitation is alleged." *Id.* Here, Perry has not alleged any specific limitations that were not addressed by the ALJ. Nor has he cited medical evidence that would show that he lacks the residual functional capacity assessed by the ALJ, which is his burden. *Her,* 203 F.3d at 391; *Jordan,* 548 F.3d at 423.

In addition, contrary to Perry's suggestion otherwise, the ALJ was not required to adopt an RFC from a medical source. "In formulating a residual functional capacity, the ALJ evaluates all relevant medical and other evidence and considers what weight to assign to treating, consultative, and examining physicians' opinions." 20 C.F.R. § 404.1545(a)(3). *Eslinger v.*

*Comm'r of Soc. Sec.*, 476 F. App'x 618, 621 (6th Cir. 2012).  Further, when formulating an RFC, an ALJ is required only to incorporate those limitations he finds credible.  *Irvin v. Social Security Administration*, 573 Fed. App'x. 498, 502 (6th Cir. 2014) (citing *Casey v. Secy' of Health & Human Servs.*, 987 F.2d 1230, 1235 (6th Cir.1993)).

As a consequence, Perry's complaint that the ALJ's assessment of his RFC was insufficient should be rejected.

### III.  CONCLUSION

For the reasons stated above, the Court **RECOMMENDS** that Wright's Motion for Summary Judgment **[R. 10]** be **DENIED**, the Commissioner's Motion **[R. 11]** be **GRANTED** and this case be **AFFIRMED**.

s/Elizabeth A. Stafford  
ELIZABETH A. STAFFORD  
United States Magistrate Judge

Dated: February 1, 2016

### NOTICE TO THE PARTIES REGARDING OBJECTIONS

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen days of service

of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991)*; United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). A copy of any objection must be served upon this Magistrate Judge. E.D. Mich. LR 72.1(d)(2).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of objections, **the non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc. The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation. If the Court determines that any objections are without merit, it may rule without awaiting the response.

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 1, 2016.

>                  s/Marlena Williams
>                  MARLENA WILLIAMS
>                  Case Manager