UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WALTER PERRY,

Plaintiff,

Case No.14-cv-14819
HON. GERSHWIN A. DRAIN

vs.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

_________________________/

**ORDER ACCEPTING AND ADOPTING REPORT AND RECOMMENDATION (#12), OVERRULING PLAINTIFF'S OBJECTIONS (#13), GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (#11), DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (#10), AND DISMISSING PLAINTIFF'S CLAIMS**

## I. INTRODUCTION

This matter is before the court on the parties' Cross-Motions for Summary Judgment as to Plaintiff Walter Perry's claim for judicial review of Defendant Commissioner of Social Security's denial of his application for disability insurance benefits. The matter was referred to Magistrate Judge Elizabeth A. Stafford, who issued a Report and Recommendation on February 1, 2016, recommending that

Plaintiff's Motion for Summary Judgment be denied, Defendant Commissioner's Motion for Summary Judgment be granted, and Plaintiff's Complaint be dismissed. Plaintiff filed objections to the Report and Recommendation on February 15, 2016. Defendant filed a Response to Plaintiff's Objection on February 19, 2016. For the reasons discussed below, the Court accepts and adopts the Magistrate Judge's recommendation and concludes that the findings of the Commissioner are supported by substantial evidence warranting entry of judgment in favor of the Commissioner.

## II. ANALYSIS

The standard of review to be employed by the court when examining a report and recommendation is set forth in 28 U.S.C. § 636. This Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). This court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate." *Id.*

A district court may affirm, modify, or reverse the Commissioner's decision, with or without remand. *See* 42 U.S.C. § 405(g). Findings of fact by the Commissioner are conclusive if supported by substantial evidence. *Id.* The court must affirm the decision if it is "based on [an appropriate] legal standard and is supported by substantial evidence in the record as a whole." *Studaway v. Sec'y of*

*Health and Human Servs.*, 815 F. 2d 1074, 1076 (6th Cir. 1987). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

Plaintiff applied for disability insurance benefits on December 9, 2011, alleging a disability onset date of August 29, 2006. The Administrative Law Judge ("ALJ") determined that Plaintiff had the severe impairments of history of aortic dissection, hypertension, high cholesterol, anemia, degenerative disc disease of the lumbar spine with mild lexoscoliosis, depression with alcohol dependence and dysthymic disorder. The ALJ found that none of Plaintiff's impairments, either alone, or in combination, met or medically equaled the severity of the listed impairments. The ALJ concluded that Plaintiff had the residual functional capacity ("RFC") to perform sedentary work. The ALJ specifically opined that:

> Because of his pain, emotional symptoms, and side effects of medication, he is limited to simple, routine, and repetitive work that requires only occasional contact with the general public and supervisors and allows him the ability to control the pace of the work.

The ALJ further determined that while Plaintiff could not perform his past relevant work, Plaintiff could perform jobs in the region, including addresser, systems monitor and assembler.

Plaintiff first objects to the Magistrate Judge's conclusion that the ALJ had no duty to re-contact Plaintiff's treating psychologist, Dr. Kimberly Wisniewski, for

clarification of her opinion that Plaintiff had substantially lost his ability to respond appropriately to supervision, co-workers and usual work situations. The ALJ found Wisniewski's conclusion was inconsistent with her treatment notes that Plaintiff was mildly limited in some areas, including the ability to accept instructions and respond appropriately to criticism from supervisors, and moderately limited only in his ability to interact with the general public. The ALJ therefore gave Wisniewski's opinion that Plaintiff had substantially lost his ability to respond appropriately to supervision, co-workers and usual work situations "appropriate, but not great weight."

The Magistrate Judge correctly concluded that the ALJ had no duty to re-contact Wisniewski because the record contained sufficient evidence to assess Plaintiff's mental RFC. The applicable regulation states that the ALJ "may recontact your treating physician, psychologist, or other medical source." *Hollis v. Comm'r of Soc. Sec.*, No. 13-13054, 2015 U.S. Dist. LEXIS 181241 (E.D. Mich. Jan. 27, 2015) (citing 20 C.F.R. § 404.1520b(c), 416.920b(c). "[T]he decision to recontact is driven by the inadequacy of the evidence in the record. Thus, if the record contains sufficient evidence, recontacting sources is unnecessary." *Hollis*, 2014 U.S. Dist. LEXIS, at *63 (citations omitted).

The Magistrate Judge thoroughly discussed the record evidence that permitted the ALJ to assess Plaintiff's mental RFC, including but not limited to Plaintiff's

Global Assessment Functional ("GAF") scores of 55 and 65 and his treatment records revealing unremarkable mental status examinations. In any event, the Magistrate Judge also found that the ALJ deferred to Wisniewski's opinion by giving Plaintiff an RFC that limited Plaintiff to occasional contact with supervisors and allowed him to control the pace of his work.

Here, Plaintiff's objection is devoid of the requisite specificity required for objecting to the Magistrate Judge's conclusion. Plaintiff merely argues that the inconsistency with Wisniewski's opinion was not resolved with the other medical record evidence. However, Plaintiff fails to address the evidence that the Magistrate Judge found to be sufficient for the ALJ to assess Plaintiff's mental RFC. Plaintiff's objection is therefore without merit and is overruled.

Next, Plaintiff objects to the Magistrate Judge's finding that the ALJ's decision is supported by substantial evidence. This objection lacks any specificity with respect to the Magistrate Judge's claimed error and is devoid of any substantive analysis. Rather, Plaintiff merely cites case law and a federal regulation. This objection is without merit. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) (holding that general objections to a magistrate judge's report and recommendation that are "summary in nature, with no specificity at all," are insufficient); *Miller v. Colvin*, No. 14-11225, 2015 U.S. Dist. LEXIS 37444, *5-6 (E.D. Mich. Mar. 25, 2015) (concluding that the

plaintiff's objections were insufficient because the plaintiff failed to "specify which medical evidence was misconstrued, nor . . . explain how the ALJ and the MJ erred in this respect."). Plaintiff's objection is overruled.

Lastly, Plaintiff objects to the Magistrate Judge's conclusion that the ALJ's mental and physical RFC were sufficient. The gist of this objection is really a continuation of Plaintiff's first objection, namely Plaintiff's argument that the ALJ improperly rejected Wisniewski's opinion that Plaintiff substantially lost his ability to respond appropriately to supervision, co-workers and usual work situations.

Plaintiff argues that the ALJ should have accepted Wisniewski's opinion because she was a treating physician. However, the treating relationship between a medical source and a claimant is only one factor that an ALJ considers when weighing an opinion from the source. *See* 20 C.F.R. § 1527(c)(2). An ALJ also considers the extent to which the opinion is supported by medical signs and laboratory findings, and consistent with the medical evidence as a whole. *See* 20 C.F.R. § 1527.(c)(3)-(4). As previously noted, the ALJ was permitted to reject Wisniewski's opinion because it was inconsistent with her own treatment notes and contrary to the record evidence as a whole. Therefore, the Court concludes that the ALJ's RFC assessment is supported by substantial evidence and the decision denying Plaintiff's claim for disability insurance benefits must be affirmed.

## III. CONCLUSION

Accordingly, Plaintiff's objection [#13] is OVERRULED. The Court hereby ACCEPTS AND ADOPTS Magistrate Judge Elizabeth A. Stafford's February 1, 2016 Report and Recommendation, GRANTS Defendant Commissioner's Motion for Summary Judgment [#11], DENIES Plaintiff Walter Perry's Motion for Summary Judgment [#10] and DISMISSES Plaintiff's Complaint with prejudice.

SO ORDERED.

Dated: March 21, 2016

/s/ Gershwin A. Drain
GERSHWIN A. DRAIN
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
March 21, 2016, by electronic and/or ordinary mail.
/s/ Tanya Bankston
Deputy Clerk